against the Illinois Department of Financial and Professional Regulation. Mr. Armstrong. May it please this Honorable Court, my name is Dean Armstrong. I'm the attorney for the Plaintiff Appellant, Dr. Robert Lance Wilson. You've listened to a lot of arguments today. The day is long. You haven't had the opportunity to stretch, so I will be brief, consistent with my duties and obligations to my client, Dr. Wilson, who is in the courtroom. We always appreciate brevity, Mr. Armstrong, but I will confess I don't understand why you or the defendant or the district court is talking about Heck against Humphrey. Heck against Humphrey deals with the time a claim accrues where it implies the invalidity of a federal conviction or a state conviction, and there's no such problem here. The question here, it seems to me, is whether the nonaccrual of the claim was caused by Younger, right? It seemed to me very odd that your client actually filed a lawsuit about these very events in 1999, and the defendant invoked Younger and had that suit dismissed. Now, I would have thought maybe naively that the pertinent question then is whether, having invoked Younger, the defendant has stopped itself from pleading a statute of limitations when the state proceedings wrap up and the Younger bar is lifted. But your brief doesn't make such an argument, and the defense brief doesn't address it. You might want to discuss it now. Okay. The best thing I would ever do is accuse you of being naive, Your Honor, especially on constitutional matters. This is not a constitutional matter. The period of limitations is not a constitutional issue. In terms of 1983 litigation, Your Honor, I think the record will speak that you're one of the leaders in the United States on that issue, and I'm not. I took this case. It's a pro bono case, but I've done the best that I can. But I will say this, Judge, whatever causes of action that this court may say have been precluded by prior counsel's filing of that premature prior civil rights suit, any prior claims may have been cut off, but it does not, Your Honor, cut off the ability to assert claims for subsequent constitutional. That's the bottom line. You need argument to get from here to there. Under Wallace against Cato, when a claim accrues is a question of federal rather than state law, and then how much time someone has is a question of state law. So the question is whether the federal claim accrues while Younger against Harris bars its pursuit in federal court. And if it does, perhaps there is a question about whether by pleading Younger the defense has stopped itself. It would help me. Maybe it would help my colleagues to have the parties address that question. I did not brief it, so I can't address it now other than I can give the court my perspective as a general practitioner who has not done a lot of 1983 work, who's doing the best that he can for a client who has been abused by a vindictive state agency. All that I can tell the court is I know the court said that may be a conclusion or result of what the court just said. Whatever bar may have existed does not preclude a cause of action for the subsequent constitutional violations. If there is a cause of action in the nature of a malicious prosecution cause of action, which I know the court is aware of the fact, Manuel versus City of Joliet, oral argument on October 5th, 2016 before the United States Supreme Court, raises the issue as to whether or not there's a malicious prosecution type of cause of action under the Fourth Amendment, which exists beyond process being given. I know reading transcripts of oral argument is about as reliable as reading tea leaves, but reading the transcript of that oral argument, it does seem as though the United States Supreme Court is about to say that under the Fourth Amendment you can have a malicious prosecution type of cause of action. This has nothing whatever to do with the statute of limitations. Nothing. Our appeal is about the statute of limitations. It's accrual, Judge. You're exactly right. Accrual. It's a federal accrual rule where the federal common law, you look to the most analogous federal cause of action, which for a malicious prosecution type of cause of action would be a federal cause of action for malicious prosecution. There is no federal claim for malicious prosecution. There is no federal statute of limitations defining accrual for malicious prosecution. Malicious prosecution, Judge, is a catchphrase for the cause of action that would exist under the Fourth Amendment for that type of cause of action for the illegal improper. Exactly. Someone may have a Fourth Amendment claim. Your client does not have a Fourth Amendment claim. Does your client have any state law claims that he can pursue in the state courts for common law, ill state law malicious prosecution here? Yes, Judge. There are, however, some limitations on the ability to pursue that cause of action because of state law immunity doctrines. The federal claim under the 1983 statute, which would be much, much broader and much better for my client's position. Do we have a problem in terms of are the Illinois remedies so inadequate that we would say there is no compensation available there? Judge, I can't say there would be no compensation. I do know Justice Stevens, and I forgot the name of the case, said an inadequate state court remedy is the same as no adequate remedy at all. Let me ask. The way this case has been briefed, there seems to be no dispute that Dr. Wilson has been subjected to a nightmarish course of treatment by the state government. I'm mystified as to how a five-year suspension seems to now be into its 17th or 18th year. Your Honor, I took the case after the original imposition of the five-year suspension. I tried and I tried and I tried. I couldn't get them to say, listen, he's already been five years where we suspended his license. I'm trying to imagine what we would say to somebody sentenced to five years in prison who kept challenging the original conviction. We don't keep him in prison. You may remember the tsunami episode. My client said, okay, so I don't have an Illinois medical license. Can I go overseas and help these people? They wouldn't even let him do that. It is pure vindictiveness, Judge. And I know, Judge, in the Armstrong v. Daly decision, Your Honor put a tremendous amount of effort talking about malicious prosecution-type cause of action. And here, Judge Easterbrook, we do have an intent element, which is not evidenced by the prior decisions in the Newsom case. If I could reserve my final comments for rebuttal. Thank you, Your Honor. And I wasn't as brief as I thought I'd be, but I understand, Judge. Ms. Hanson. Well, Ms. Hanson, I think you can see my main concern, which is does the federal accrual rule, since accrual is a matter of federal law, cause a 1983 claim to accrue at the very time when under Younger v. Harris it cannot be prosecuted in federal court? Your Honor, the prior federal action was abstained pursuant to Younger because there was an ongoing administrative proceeding. Exactly. And it unwent for the next 16 years. So would you address my question? My question is whether the federal accrual doctrine causes a claim to accrue even when under Younger v. Harris it cannot be pursued. It does not, Your Honor, because the case was dismissed under, because in the prior federal litigation the case was dismissed. There's nothing in the record indicating that Plaintiff asked for the case to be stayed. What relief did you seek? Dismissal or a stay? I don't know the answer to that, Your Honor. It seems to me unlikely it would have been dismissed without the state's request. It was, I don't know, I don't know the answer to what relief was requested, but there was, to the extent that Plaintiff wanted the case stayed in order to pursue a Section 1983 claim and to continue to pursue a federal 1983 action, he could have requested that the case be stayed. I don't understand how the answer to my question depends on the difference between a stay and a dismissal. It may be that the district judge should have stayed it. In fact, we've told district judges to stay cases for Younger and not dismiss. But my question is, when did the claim accrue? For purposes of federal law, does a federal claim accrue at the very time when Younger v. Harris prohibits its pursuit in federal court? We can worry about tolling an estoppel after we pin down the date of accrual. Is there any case law saying a federal claim accrues when Younger forbids its prosecution in federal court? The claim accrues at the time of the constitutional injury. So, do you have any authority saying a claim accrues when Younger forbids its prosecution in federal court? Any authority? Any at all? The quick answer right here is no. No, I don't, Your Honor. Would it make any sense for a federal claim to accrue and the statute of limitations to run out during a time when it is legally impossible to prosecute it in federal court? Again, Your Honor, the case was stayed because the underlying proceedings, the administrative proceeding was continuing. And there was nothing barring the plaintiff. It was dismissal without prejudice. There was nothing barring the plaintiff from pursuing federal 1983 claims. Except the fact that he did pursue a 1983 claim and the district court dismissed it on the ground that under Younger v. Harris, it could not be pursued in federal court until the state proceedings were over. That happened to take 16 years. But it was filed in federal court and it was dismissed at the request of your client. It was dismissed without prejudice and could have been pursued upon the completion. No, look, if a federal judge says you can't pursue this in federal court until the state proceedings are over, what that means is you can't pursue it in federal court until the state proceedings are over. That took 16 years. And then a new suit was filed in federal court just when the judge said it could be. But then the dismissal under, but then the court looks at whether the damages are available in the state proceeding, which they were, because plaintiff could have brought this up in 1980. No, that's a different problem. That's not the statute of limitations. That's the defense of preclusion, right? The state might be, your client might be able to argue that the plaintiff had to seek damages in the state proceedings and having failed to do that is engaged in claim splitting. That has nothing to do with the statute of limitations. We don't have an affirmative defense of preclusion in this appeal. We are considering the statute of limitations. If the court would like us to submit additional briefing on that issue, I would be happy to do that. It's up to you. But it's our position that the claim accrued at the time of the alleged injury and that the prior state court proceeding did not toll the statute of limitations because that proceeding was dismissed. And the plaintiff could have refiled the suit in federal court but didn't do so. When? When should he have done that? Under your theory. If he'd done it while the administrative proceedings are still pending, it would just have been a replay under Younger, perhaps, with sanctions, right? Okay. And additionally, the prior state court proceeding involved the summary suspension of his license, which would be a separate claim from the other counts that he brings relating to the later proceeding. Are you saying he should have challenged the summary suspension while the permanent suspension was in place? I apologize. That's not right. Sorry? I'm sorry. I misspoke. All of us have ideas that sometimes don't work out. I'm sorry. Additionally, plaintiff's claims are barred because for the additional reasons that immunities apply in this case. His claims were brought against versus the chief medical prosecutor in the case, Glasgow, was entitled to prosecutorial immunity. None of the allegations in the complaint raise issues that didn't pertain to his reviewing and evaluation of evidence with respect to bringing his claim. And so, therefore, he's entitled to absolute prosecutorial immunity. Is that true for any administrative licensing sort of decision? It is. The prosecutorial immunity has been applied to disciplinary proceedings at the administrative level, yes. Should it? The Supreme Court's been pretty stingy about absolute immunity, particularly when we're talking about when we get outside the criminal context. For example, disciplinary proceedings against prisoners, the folks who bring and decide those matters, are not entitled to absolute immunity. Why would the folks who govern the medical profession be different? The immunity has been applied in this context, and we cite to the cases in our briefs. I don't have them right now before me, but this... If ever there were a case... In Butte v. Economy, the Supreme Court held that civil enforcement of Department of Agriculture regulations, the prosecutors were entitled to prosecutorial immunity. And so it has been applied in a similar context here. And additionally, the claims against Sherman and Stewart, who were former directors of the department, are entitled to quasi-judicial immunity. The only allegations against them were that they issued the decisions, final administrative... That Stewart issued a final administrative decision in this case, for which he would be entitled to immunity. And the only factual allegation against Sherman is that he made a statement that plaintiff alleges misstated the burden of proof, for which he would also be entitled to immunity. Can you explain to us how the five-year suspension stayed in effect for 16, 17 years? It's my understanding that under the Act, the person whose license is either suspended or revoked or is inactive, applies to the department for reinstatement of that license. It's not in the record whether that occurred or not, but that's the typical process. So you're blaming Dr. Wilson for the delay? That's my understanding of how the process works, that upon the completion of that time period, you would seek to have the license reinstated. Unless the court has any additional questions, I would... I had one more. Apparently, according to your brief, one of the administrative law judges held in this process that the do-not-resuscitate orders for Mr. Taylor were not relevant to the standard of care. Is that right? Can you explain that to me? With respect to the do-not-resuscitate orders, having been involved in that proceeding, I would say that one of the issues was whether the injections that were given to the patient violated the standard of care. And the standard of care for palliative treatment might not necessarily, the fact that he was administering palliative treatment, the do-not-resuscitate orders go to whether he was administering palliative treatment, but not necessarily to what the standard of care is for that palliative treatment. Thank you. Thank you, Ms. Hanson. Anything further, Mr. Armstrong? Thank you very much. The case is taken under advisement and the court will be in recess.